GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
ELIZABETH MCCLOSKEY, SBN 268184
  emccloskey@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone:   415.393.8200
Facsimile:    415.393.8306

MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
ALEXANDER N. HARRIS, SBN 278482
  aharris@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant DoorDash, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BROWN and MILES RICHARDSON, individuals, in their individual and representative capacities,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>DOORDASH, INC.,<br><br>　　　　　　Defendant. | CASE NO. 3:25-cv-10817<br><br>**DEFENDANT DOORDASH, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>[Removal from the Superior Court of California, County of Alameda, Case No. 21CV001828]<br><br>Action Filed:  October 29, 2021<br>Second Am. Compl. Served: November 19, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE PLAINTIFFS AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. §§ 1331 and 1367, Defendant DoorDash, Inc. hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California, County of Alameda, Case No. 21CV001828, to the United States District Court for the Northern District of California, San Francisco or Oakland Division. Removal is proper for the reasons set forth below.

## INTRODUCTION

1. Plaintiffs' lawsuit alleges that a federal trucking law—the Federal Aviation Administration Authorization Act (the "FAAAA")—preempts and nullifies Proposition 22, the California ballot initiative that millions of Californian voters passed so that local rideshare and delivery workers could remain independent contractors. The interpretation of this federal law and its potential repercussions for millions of local gig workers are significant.

2. The constitutionality of Prop 22 was extensively litigated for four years, with the California Supreme Court concluding in 2024 that Prop 22 was a valid exercise of the People's initiative power and did not violate the State's constitution. Plaintiffs now are trying a new approach: they argue that Prop 22 is invalid under *federal law*. They seek a declaration that the FAAAA preempts Prop 22 and therefore renders the law invalid as to millions of local delivery workers, as well as related injunctive relief and civil penalties against DoorDash.

3. Plaintiffs, however, are not entitled to such relief because the FAAAA does not preempt Prop 22. The FAAAA only preempts laws that *require* motor carriers to effectively change their prices, services, or routes related to the transportation of property. Prop 22 does no such thing. It is a state law that, most relevant here, provides the default test for determining whether app-based drivers, like Plaintiffs, have entered into an independent contractor relationship with network companies, like DoorDash.

4. Plaintiffs' lawsuit raises a substantial question of federal law—the preemptive effect of the FAAAA—which should be heard by a federal court. DoorDash denies any liability and expressly

reserves all rights.  However, for purposes of meeting the jurisdictional requirements for removal only, DoorDash submits that removal is proper on the basis of federal question jurisdiction under 28 U.S.C. § 1331, as addressed below, and this notice is timely.

**TIMELINESS OF REMOVAL**

5. On November 19, 2025, Plaintiffs Alfonso Brown and Miles Richardson filed their second amended complaint in Alameda County Superior Court.  Under 28 U.S.C. § 1446(a), true and correct copies of the pleadings, civil case cover sheet, docket sheet, and all other "process . . . and orders" relevant to this action are attached as Exhibits A–XXX to the Declaration of Michael Holecek ("Holecek Decl.") filed concurrently herewith.

6. Plaintiffs electronically served DoorDash with the second amended complaint on November 19, 2025.  *See* Holecek Decl. Ex. WWW ("SAC").  This notice of removal is therefore timely because DoorDash files it within 30 days after Plaintiffs served the second amended complaint "from which it may first be ascertained that the case is one which . . . has become removable." 28 U.S.C. § 1446(b)(3).

**SUMMARY OF PLAINTIFFS' ALLEGATIONS AND GROUNDS FOR REMOVAL**

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331.  The Supreme Court has held that suits alleging state law causes of action "arise under" federal law if the "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Applying this *Grable* test "calls for a common-sense accommodation of judgment to [the] kaleidoscopic situations that present a federal issue." *Id.* at 313 (internal quotation marks and citation omitted).

8. In November 2020, California voters passed Proposition 22, also known as the Protect App-Based Drivers and Services Act, Cal. Bus. & Prof. Code §§ 7448 *et seq.* ("Prop 22"), which provides the default test for classifying app-based drivers as independent contractors or employees under California law.  *See* SAC ¶ 85; *see also* Cal. Bus. & Prof. Code § 7451.  Despite Prop 22, Plaintiffs brought this action under California's Private Attorneys General Act, Cal. Lab. Code §§ 2698

*et seq.* ("PAGA"), alleging that from 2021 to the present, DoorDash misclassified California delivery providers ("Dashers") as independent contractors under AB 5, Cal. Lab. Code § 2775(b)(1). SAC ¶¶ 41, 85, 90.

9. Since this lawsuit's inception, Plaintiffs have maintained their PAGA claims on the basis that Prop 22 is invalid. In October 2021, Brown initially filed his PAGA suit, alleging that Prop 22 was unconstitutional under the state constitution for reasons articulated by the court in *Castellanos v. State of California*, 2021 WL 3730951 (Cal. Super. Ct. Aug. 20, 2021). *See* Holecek Decl. Ex. A ¶ 83. In May 2023, Plaintiffs filed a first amended complaint, which added Miles Richardson as a named plaintiff, but continued to allege that Prop 22 was invalid under state law. *See* Holecek Decl. Ex. DD ¶¶ 11, 84. The California Supreme Court, however, upheld the validity of Prop 22 in *Castellanos v. State of California*, 16 Cal. 5th 588 (2024). Only then did Plaintiffs file the SAC on November 19, 2025, which for the first time argued that Prop 22 violates the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c) (the "FAAAA"). *See* SAC; *see also* Holecek Decl. Exs. FFF–MMM, OOO, TTT.

10. Plaintiffs now seek a judicial declaration that "Proposition 22 is preempted by the FAAAA as applied to DoorDash and cannot be relied upon by DoorDash to justify classifying Plaintiffs or similarly situated individuals as independent contractors" (SAC ¶ 97(e)), and corresponding injunctive relief "[r]equiring DoorDash to adjust the wages and benefits for Plaintiffs and other[s] . . . to the level required for employees under the California Labor Code" (*id.*, Prayer for Relief at 21). Plaintiffs also allege that "[b]ecause of FAAAA preemption, DoorDash . . . continues to misclassify its workers as independent contractors under AB 5" and "is liable for a host of statutory penalties arising from that continued misclassification under PAGA." *Id.* ¶ 90; *see also id.*, Prayer for Relief at 22 (requesting "[c]ivil penalties as provided by PAGA and the Labor Code").

11. As set forth below, the Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims require the adjudication of a federal issue regarding the scope of FAAAA preemption, which is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 313–14).

**A.    Plaintiffs' Complaint Necessarily Raises a Federal Issue.**

12.    The federal issue here—whether the FAAAA preempts Prop 22—is apparent from the face of the SAC.  *See Hornish v. King Cnty.*, 899 F.3d 680, 689 (9th Cir. 2018).  Indeed, Plaintiffs not only seek PAGA penalties and other equitable relief based on federal law preemption (SAC, Prayer for Relief at 21–22), but also attempt to plead the grounds upon which the Court should find the FAAAA applies.  In particular, given that the FAAAA preempts state laws "related to a price, route or service of any motor carrier . . . with respect to the transportation of property," the SAC contains allegations related to (1) whether DoorDash is a motor carrier and (2) how Prop 22 relates to DoorDash's prices, services, and/or routes.  SAC ¶¶ 16–20, 86–90.  There is, accordingly, no doubt that the SAC contains a federal question as to whether the FAAAA preempts Prop 22.

13.    A federal issue is also necessary where a plaintiff's "right to relief depends upon the construction or application of federal law."  *Grable*, 545 U.S. at 313.  That is exactly the case here: Plaintiffs' individual and PAGA claims all turn on the proper construction of the FAAAA and its application to Prop 22.  PAGA does not apply to app-based drivers, like Dashers, that have been properly classified as independent contractors under Prop 22.  *Lawson v. Grubhub, Inc.*, 2024 WL 3522039, at *1 (N.D. Cal. July 23, 2024) ("to recover PAGA penalties for any post-Proposition 22 minimum wage violations," "[plaintiff] must 'allege (and eventually prove)' [defendant] failed to comply with Proposition 22's requirements" (citation omitted)).  But nowhere in the SAC do Plaintiffs allege that DoorDash misclassified Dashers under Prop 22.  Instead, their misclassification claims arise under AB 5.  *See, e.g.*, SAC ¶ 85.  For the Court to even consider those claims, and the related claims for various Labor Code violations, Plaintiffs must first establish that AB 5, not Prop 22, governs the classification of app-based drivers.  *See Lawson*, 2024 WL 3522039, at *1.  Plaintiffs allege it does because the FAAAA preempts Prop 22.  SAC ¶¶ 86–90.  Plaintiffs thus use the federal preemption question as a sword, rather than a shield, to invalidate Prop 22 and bring their claims under AB 5, the law that Prop 22 supplanted.

14.    The question of Prop 22's validity under the FAAAA, and thus its applicability to Dashers, also arises on the face of the complaint, without reference to any anticipated defense.  *See Hornish*, 899 F.3d at 688; *see also Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141–42 (2d.

Cir. 2022) (plaintiff's recovery under New York state law required resolution of a federal preemption issue). As Plaintiffs even acknowledge (SAC ¶ 85), Prop 22 applies "*[n]otwithstanding* any other provision of law, including but not limited to, the [California] Labor Code." Cal. Bus. & Prof. Code § 7451 (emphasis added). California federal and state courts have, accordingly, recognized Prop 22 as the controlling classification test for app-based drivers, not an affirmative defense to AB 5. *See Lawson*, 2024 WL 3522039, at *1; *James v. Uber Techs. Inc.*, 338 F.R.D. 123, 143, 145 (N.D. Cal. 2021) ("Prop 22 . . . repeal[ed] AB 5 with respect to app-based drivers," so plaintiffs "must allege (and eventually prove)" that they were incorrectly classified as independent contractors under Prop 22 to require defendant "to reclassify [its] drivers as employees"); *see also Castellanos*, 16 Cal.5th at 607 (affirming that the People's initiative power confers the power to pass Prop 22 to "abrogate existing laws," like AB 5). Whether the FAAAA preempts Prop 22 is therefore necessary to obtain the declaration and injunction Plaintiffs seek, as well as PAGA penalties, regardless of what DoorDash raises in its answer. "For this case to be resolved on its merits, . . . the federal issue[] embedded in the complaint must be addressed. There is simply no other way." *Cnty. of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1025 (N.D. Cal. 2005).

15. Plaintiffs thus necessarily raise a federal issue regarding the preemptive scope of the FAAAA as it applies to Prop 22.

**B.   Plaintiffs' Complaint Raises a Substantial Federal Issue.**

16. Substantial federal issues under *Grable* are those that indicate "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Hornish*, 899 F.3d at 688 (citing *Gunn*, 568 U.S. at 258). Courts must look "to the importance of the issue to the federal system as a whole." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185 (9th Cir. 2022). Claims that implicate the government's interest in national regulation are consistently regarded as important to the federal system as a whole. *Id.*

17. The FAAAA, in and of itself, demonstrates that a substantial federal interest is at stake. Congress enacted the FAAAA as part of the Interstate Commerce Act, which regulates all interstate common or contract carriers for the transportation of property. *Vincze v. I.C.C.*, 267 F.2d 577, 579 (9th Cir. 1959). Congress enacted the FAAAA's preemption provision to maintain federal regulatory

control over such carriers and to prevent a state from "imped[ing] the free flow of trade, traffic and transportation of interstate commerce" by adopting laws that regulate carriers' businesses within its boundaries. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 263 (2013). The federal deregulatory interest over carriers renders questions regarding the FAAAA's scope and its application to any state law significant. *Cf. Sauk-Suiattle Indian Tribe*, 56 F.4th at 1185. That is why the Supreme Court just recently granted certiorari in *Montgomery v. Caribe Transport II, LLC*, --- S.Ct. ---, 2025 WL 2808807 (U.S. Oct. 3, 2025), to resolve a circuit split concerning the scope of the FAAAA's safety exception. *See* S. Ct. Rule 10(c) (providing review when "a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court"). So too here. Understanding the scope of the FAAAA and whether it precludes the operation of Prop 22 is substantial to the federal system as a whole.

18.    The federal issue here is all the more important because of the precedential effect this case will have on several other state laws. *See Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 926 (N.D. Cal. 2022) (a federal issue is substantial when "its resolution [is] both dispositive of the case and would be controlling in numerous other cases" (citation omitted)). No different than AB 5, for example, Prop 22 governs the relationship between certain companies and a class of workers—app-based drivers. It allows companies like DoorDash and app-based drivers to enter into an independent contractor relationship and provides minimum pay and other protections should they choose that relationship. Laws of this kind are traditionally left to the states. *See Arizona v. United States*, 567 U.S. 387, 404 (2012); *see also Owino v. CoreCivic, Inc.*, 2018 WL 2193644, at *20 (S.D. Cal. May 14, 2018 ("Regulating labor and wages is a historic police power belonging to the States."). Moreover, Prop 22—insofar as it relates to the transportation of property at all—relates only to local delivery. Unlike long-haul trucking, the FAAAA has not been interpreted so broadly as to preempt laws governing local delivery. *See Cueva v. Alta-Dena Certified Dairy, LLC*, 2012 WL 12887641, at *4 (C.D. Cal. May 7, 2012) (finding it "difficult to constitutionally justify" applying the FAAAA to "neighborhood newspaper delivery and even local pizza delivery"). If Plaintiffs are right that Congress intended the FAAAA to go beyond interstate trucking and preempt laws like Prop 22, then that

interpretation will necessarily impact numerous state laws across this country, including, for instance, state labor laws. A federal court is best positioned and most interested in addressing this question.

19. Considerations of FAAAA preemption, Prop 22, and whether the two conflict "have precisely the sort of significance to the federal system that supports adjudication in a federal forum." *Tantaros*, 12 F.4th at 146. The federal issue here is therefore substantial.

### C. The Federal Issue is Actually Disputed.

20. DoorDash denies the allegations underlying Plaintiffs' preemption claims—including those related to whether DoorDash is a motor carrier and Prop 22's purported effect on prices, services, or routes. DoorDash also disputes Plaintiffs' interpretation of FAAAA preemption, particularly as it applies to Prop 22. Thus, the federal issue in Plaintiffs' SAC is disputed. *See Cnty. of Santa Clara*, 401 F. Supp. 2d at 1027 (federal issue disputed under the *Grable* test because defendants "disagree with [plaintiff] over the proper interpretation of the [federal] statute").

### D. A Federal Court Can Resolve the Federal Preemption Issue Without Disrupting the Federal-State Judicial Balance.

21. The federal-state balance also counsels for adjudication in a federal forum where the federal issue raised is important and could preclude the operation of state law. *See Hornish*, 899 F.3d at 690–91. As explained above, Plaintiffs' claims concern the proper scope of the FAAAA and whether it precludes the operation of Prop 22. The issue thus belongs in federal court. *Id.* at 691.

22. The federal-state judicial balance inquiry also considers whether the exercise of federal court jurisdiction would interfere with "the normal currents of litigation." *Grable*, 545 U.S. at 319. No such concerns are present here. Jurisdiction over claims such as this will have "only a microscopic effect on the federal-state division of labor." *Id.* at 313. Most cases involving preemption will not give rise to federal question jurisdiction. That is because ordinarily, when federal preemption arises in litigating a state law claim, it is invoked as an affirmative defense. *See Metro. Life Ins., Co. v. Taylor*, 481 U.S. 58, 63 (1987). In those cases, courts cannot exercise federal jurisdiction unless the federal statute is found to completely supplant the state law cause of action. *Retail Prop. Trust v. United Broth. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014). Thus, the only concern is whether the proverbial floodgates would open were the Court to recognize its jurisdiction in the less common instances (like this one) where the plaintiffs decide to bring well-pleaded federal preemption claims

(both in a federal declaratory judgment claim and as a necessary part of their state law claim). They will not. *See Tantaros*, 12 F.4th at 143 (finding "this is no ordinary cause of action" where preemption arises as part of plaintiffs' case rather than "invoked as a defense"). Federal courts already regularly assert jurisdiction over claims for declaratory and injunctive relief based on federal preemption when brought against a state official, without raising alarm bells about the federal-state balance. *See*, *e.g.*, *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14, 103 (1983). Thus, the exercise of jurisdiction here will not significantly alter the existing federal-state judicial balance.

## **THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

23. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' SAC necessarily raises a substantial and disputed federal issue, and this Court's adjudication of that issue will not disrupt the state-federal judicial balance.

24. Removal of this action is therefore timely and proper under 28 U.S.C. §§ 1441 and 1446. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

25. The United States District Court for the Northern District of California, San Francisco or Oakland Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, the Superior Court of Alameda County. *See* 28 U.S.C. § 84(a); *id.* § 1441(a). And Local Civil Rule 3-2(d) provides that "civil actions that arise in the count[y] of Alameda . . . shall be assigned to the San Francisco Division or the Oakland Division."

26. To the extent the Court construes any of Plaintiffs' claims as arising under state law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as the claim over which the Court has original jurisdiction.

27. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon DoorDash are attached as exhibits to the concurrently filed Declaration of Michael Holecek.

28. Upon filing the Notice of Removal, DoorDash will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Superior Court of Alameda Country, pursuant to 28 U.S.C. § 1446(d).

Dated: December 18, 2025            GIBSON, DUNN & CRUTCHER LLP


                                    By:     /s/ Michael Holecek
                                              Michael Holecek

                                    Attorneys for Defendant DOORDASH, INC.